(153 App. Div. 338.)

HERRON v. HIGH GROUND DAIRY CO. (two cases).

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. MUNICIPAL CORPORATIONS (§ 705*)—INJURIES IN STREET—NEGLIGENCE.

 While defendant's driver was driving a milk wagon in a street, a man on a bicycle dropped a package of baby carriage wheels, some of which rolled under the milk wagon, and the driver stopped the wagon to enable the man to pick up his wheels. A boy picked up one of the wheels, and the man picked up another, and went to the back of the wagon to pick up the others, and the driver a moment thereafter asked if everything

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was all right, and the man answered, "Yes; go ahead," when the driver started the horse and injured plaintiff, a boy eight years of age, who was reaching his foot under the forward side of a rear wagon wheel to get one of the little wheels. While plaintiff was on the sidewalk, before going to the wagon, he exclaimed, "Wait a minute," but the driver did not hear the remark, or know of plaintiff's presence. *Held*, that the driver of the wagon was not guilty of negligence in starting it without ascertaining plaintiff's presence near the wheel.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

2. NEGLIGENCE (§ 141*) — CONSTRUCTION — CONTRIBUTORY NEGLIGENCE — INFANTS—CARE REQUIRED.

In an action for negligent injuries to a boy eight years of age, the court instructed that the boy had been to school three or four years, and was accustomed to take care of himself in the streets, and "of course, a boy of that age is not as prudent as a grown man. The standard of prudence required of him is the prudence which boys of that age and general maturity ordinarily exercise. If he was more incautious than such boys ordinarily are, that would defeat him; but the simple fact that he was not as cautious as a grown man would be would not defeat him"—and further instructed that, if the boy's mother lacked common prudence in permitting him to go on the streets that would defeat the action, "but that is only where he is himself lacking in the caution which a mature person would exercise; if his conduct was up to the standard required of a matured person, then his mother's negligence would not defeat the action." *Held*, in view of the whole instruction, that the last quoted part did not erroneously convey the idea that the boy was bound to exercise the degree of care which would be expected of a grown man in order to obviate the necessity of showing due care by his mother.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. § 141.*]

Appeal from Trial Term, Kings County.

Actions by Edmond Herron, an infant, by James Herron, his guardian ad litem, and by James Herron against the High Ground Dairy Company. From judgments dismissing the complaints, and orders denying plaintiffs' motions for a new trial, they appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Clifford C. Roberts, of New York City, for appellants.

James J. Mahoney, of New York City (M. J. Wright, of New York City, on the brief), for respondent.

WOODWARD, J. Edmond Herron, an infant, brings an action to recover damages for personal injuries, alleged to have been sustained through the negligence of the defendant, and his father, James Herron, seeks to recover for loss of services, medical attendance, etc., in connection with the injuries. Both actions were tried together, and, the jury having found in favor of the defendant, appeal comes to this court.

[1] The plaintiff in the principal action was eight years of age at the time of the accident. The defendant employed one William A. Brown as a driver of one of its wagons engaged in the delivery of milk. Brown was driving south on Sumner avenue, near Putnam

avenue. At the same time the plaintiff was going north upon the sidewalk upon the same avenue, between Putnam and Madison avenues. A man, riding a bicycle and carrying a package containing small wheels for a baby carriage, passed defendant's vehicle, and in crossing the street surface railroad track in front of defendant's rig in some manner dropped his package, and the wheels rolled down the railroad track on which defendant was driving. Defendant's driver stopped his horse to permit the man to pick up his wheels, so they would not be crushed under his wheels. A boy on the street came out and picked up one of these wheels, and the man picked up another, and then passed toward the back end of the defendant's wagon, presumably for the purpose of picking up the other two wheels. Defendant's driver soon afterward called to the man and asked if everything was all right, and received the answer, "Yes; go ahead." He then started his horse, and the plaintiff, who appears to have been reaching his foot under the forward side of the rear wheel of the wagon for the purpose of getting one of the little wheels out, was caught under the rear wheel, and more or less seriously, though not permanently, injured.

The plaintiff's theory of the defendant's negligence appears to have been that, the defendant's driver having stopped for the purpose of permitting the man to pick up the little wheels, he was bound not to start again until he had made an examination to determine whether any one was in between the wheels of his wagon; for, while it is conceded on this appeal that a driver is not bound to look behind to see whether people are running into dangerous relations with his wagon, it is urged that this is a different case, and that, having once stopped for a specific purpose, the driver could not resume his journey without some extraordinary precautions. The only evidence in the case which would in any wise indicate that the driver had any reason to suppose this particular plaintiff was near the wagon is found in the plaintiff's own testimony that before going to the wagon, and apparently while he was still on the sidewalk, he said, "Wait a minute." The driver denies knowing of the presence of the plaintiff, or of hearing him make any such remark; but, assuming that this boy of eight years of age did say "Wait a minute," what possible notice was that that he was going to get into a dangerous situation? If drivers were obliged to take notice of every chance exclamation or remark from schoolchildren, their progress through the streets would hardly keep up with the traffic demands of a great city, and it must be apparent that the jury very naturally held that the defendant could not be charged with negligence upon any such foundation. The driver might very well have started on without making any inquiry after the wheels had been picked up from the rails in front of him, and this is what many would have done; but this driver made inquiry of the man for whom he had stopped, and, on being assured that everything was all right, he started, and the plaintiff was injured, not because of any lack of reasonable care on the part of defendant's driver, but because of his own negligence in leaving a place of safety upon the sidewalk and getting under the

wheels of the wagon without giving any notice that he was there, for surely the call, "Wait a minute," from the sidewalk, did not impose the duty of actively watching this plaintiff. Indeed, it is not seriously urged upon this appeal that the jury might not properly have reached the verdict on which the judgment is founded; but it is contended that the learned court at Trial Term erred in its charge to the jury.

[2] The principal matter called to our attention is the alleged error of the court in charging upon the question of contributory negligence. The appellant steps abruptly into the middle of the charge upon this question, and, by passing over the vital part of the charge and emphasizing the incidental portion, gives some color to the contention that error has been committed to the prejudice of the plaintiff. But it is mere color, without substance, for the charge as a whole is not open to serious criticism. The court charged:

"On the other hand, the negligence of the boy himself may have contributed to the accident. If it did, then he cannot recover; because, if it was partly his own fault, as in all such cases, the damage must rest where it falls. * * * The boy was then only just approaching nine years of age. * * * But he had been to school by himself for three or four years, and had been on errands for his mother, and was accustomed and was trusted to take care of himself in the streets. Of course, a boy of that age is not as prudent as a grown man, The standard of prudence required of him is the prudence which boys of that age and general maturity ordinarily exercise. If he was more incautious than such boys ordinarily are, that would defeat him. But the simple fact that he was not as cautious as a grown man would be would not defeat him. If his lack of such prudence as grown people exercise caused the accident, then you may go back and inquire whether the mother was lacking in prudence in letting him go out at all unattended, but only in that case. If you find in that case that she was lacking common prudence in allowing him to go out unattended on the streets, and subjecting him to the ordinary dangers of the streets, then her negligence would defeat his action, too; but that is only where he is himself lacking in the caution which a mature person would exercise. If his conduct was up to the standard required of a mature person, then his mother's negligence, if any, in letting him go out in the streets, would not defeat him."

The appellant concedes that the court might properly have charged that, if the plaintiff was non sui juris, the question of the mother's negligence would have to be taken into consideration; but, because the court in the last portion of the charge apparently made the standard that of mature persons, it seems to be the contention that the charge was erroneous. But the reasoning is fallacious. The court had distinctly charged that the "standard of prudence required of him is the prudence which boys of that age and general maturity ordinarily exercise"; and when the court refers to the "standard required of a mature person," he is referring to that degree of maturity which constitutes one sui juris, and not necessarily of advanced years—a full-grown man. This is obvious, for the court had just told the jury that, "of course, a boy of that age is not as prudent as a grown man," and certainly no juror believed that the court in the next breath was charging that, if this boy lacked the prudence of a full-grown man, it was necessary to consider whether the mother was negligent in permitting him to go out alone.

The charge, taken as a whole, clearly said to the jury that it was for the plaintiff to show that he was free from negligence contributing to the accident, and that to do this it was necessary to show either that the boy, being sui juris, had exercised the degree of care which boys of his age and maturity usually exercise under like circumstances, or, being non sui juris, that the mother was free from negligence in permitting him to be alone upon the streets of the city. No intelligent juror, listening to that charge, could get the impression that this plaintiff was bound to exercise the degree of care which would be expected of a grown man in order to be free from the necessity of showing care on the part of his mother, and the entire argument in support of this alleged error is captious.

The remaining criticisms of the charge stand on no better foundation, and it does not seem necessary to discuss them further.

The judgments and orders appealed from should be affirmed, with costs. All concur.

